IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESSICA N. CAMP,

    Plaintiff,

vs.

RAMSEY BENNETT, Sheriff,
Pierce County, Georgia,

    Defendant.

CIVIL ACTION NO.: CV514-028

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 alleging violations occurring at the Pierce County Jail in Blackshear, Georgia. Defendant filed a Motion to Dismiss. Plaintiff filed a Response. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that she injured her foot and did not see a nurse until three (3) days later. Plaintiff contends that the nurse did not examine her foot, as the nurse only looked at Plaintiff's other foot to compare her feet. Plaintiff asserts that the nurse told her to elevate her foot and gave her ibuprofen. Plaintiff also asserts that she saw a different nurse the next day who told Plaintiff to ice her foot at least five (5) times a day. Plaintiff alleges that she later saw a doctor who gave her an x-ray and who informed Plaintiff that her foot was broken. Plaintiff contends that her foot constantly hurts.

Defendant contends that Plaintiff's complaint should be dismissed because she failed to exhaust her administrative remedies prior to the filing of this cause of action. Defendant also contends that Plaintiff's Fourteenth Amendment claim fails and that she seeks to hold Defendant liable on the basis of respondeat superior principles.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

2

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff asserts that Defendant "Ramsey Bennett is Sheriff and is [duly responsible] for every [thing] that [occurs] in his jail!". (Doc. No. 1, p. 5). This is the entirety of Plaintiff's factual assertions against Defendant.

A plaintiff must set forth "a short and plain statement of the claim showing that [ahe] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of [her] constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

3

Plaintiff has failed to make anything more than bare and conclusory allegations against Defendant. In addition, Plaintiff seeks to hold Defendant liable for the alleged violations of her constitutional rights based solely on his supervisory position as Sheriff of Pierce County, Georgia. In sum, Plaintiff has not set forth sufficient facts to establish liability on Defendant's part.

It is unnecessary to address the remaining portions of Defendant's Motion.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, with prejudice, based on her failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 10th day of July, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff admits that there is a grievance procedure in place at the Pierce County Jail and that she did not utilize this procedure because she felt accessing the grievance procedure was futile. (Doc. No. 1, pp. 3–4). While Defendant moves to dismiss Plaintiff's Complaint due to her failure to exhaust her administrative remedies, Defendant failed to provide documentation which pertains to the grievance procedures applicable to Pierce County Jail detainees.

4

AO 72A
(Rev. 8/82)